

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| ANDREW R. FLEMING and KERRY FLEMING,<br>　　　　Plaintiffs,<br><br>vs.<br><br>PENNYMAC LOAN SERVICES, LLC; THE HILB GROUP OF NORTH CAROLINA, LLC, *doing business as The Charlotte Insurance*; THE HILB GROUP OPERATING COMPANY, LLC; and MICHAEL MCGEE,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 0:22-1947-MGL |

**MEMORANDUM OPINION AND ORDER
DENYING THE HILB DEFENDANTS' MOTION TO DISMISS**

**I.   INTRODUCTION**

Plaintiffs Andrew R. Fleming and Kerry Fleming (collectively, the Flemings) filed this action in the Chester County Court of Common Pleas. Defendant PennyMac Loan Services, LLC (PennyMac), as well as then-named Defendant PennyMac Corp., removed the case to this Court.

The Flemings's amended complaint names Defendants the Hilb Group of North Carolina, LLC, doing business as Charlotte Insurance (Charlotte Insurance), the Hilb Group Operating Company, LLC, and Michael McGee (McGee) (collectively, the Hilb Defendants), as well as PennyMac. The amended complaint brings state law causes of action for breach of contract against all Defendants and for negligence against the Hilb Defendants, as well as two other claims against PennyMac only. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

Pending before the Court is the Hilb Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the Hilb Defendants' motion to dismiss will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

The Flemings purchased a home in Rock Hill, South Carolina (the Property), which they financed through North American Savings Bank (NASB). The Flemings contracted with the Hilb Defendants to act on their behalf to find and obtain homeowners' insurance coverage.

The Hilb Defendants found a policy (the Policy) through Auto-Owners Insurance Company (Auto-Owners). The Flemings agreed with NASB to make a single monthly payment into an escrow account, which NASB would disburse between the Flemings' mortgage payment, taxes, and insurance premium for the Policy.

NASB subsequently sold the Flemings' mortgage note to PennyMac. The Flemings continued to pay into the escrow account, but PennyMac failed to make the premium payments.

Auto-Owners notified the Hilb Defendants that the Policy's initial one-year term ended. As part of the notification, Auto-Owners informed the Hilb Defendants that the Policy would be canceled due to nonpayment of the premium. The Hilb Defendants, in turn, failed to notify the Flemings. As a result, Auto-Owners cancelled the renewal coverage for the Policy.

About three weeks after the cancellation became effective, which happened to be the same day the Flemings learned of the cancellation, the Property burned down. Because they had no advance notice of the Policy's cancellation, the Flemings had failed to secure additional coverage.

After the Hilb Defendants filed this motion to dismiss, the Flemings responded and the Hilb Defendants replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.  STANDARD OF REVIEW

A party may move to dismiss a complaint based on its "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must have "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). But, the Court need not "accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 243.

### IV.  DISCUSSION AND ANALYSIS

#### A.  *Whether the Court should dismiss the Flemings's breach of contract claim against the Hilb Defendants*

The Hilb Defendants argue the Flemings have failed to allege the existence of a contract or its breach. The Flemings maintain they hired the Hilb Defendants to obtain insurance coverage, which they neglected to do when the Policy was left unrenewed.

"The elements for a breach of contract are the existence of the contract, its breach, and the damages caused by such breach." *S. Glass & Plastics Co., Inc. v. Kemper*, 732 S.E.2d 205, 209 (S.C. Ct. App. 2012).

The Hilb Defendants are correct that they are not parties to the insurance contract—the Policy—itself. *See Green v. Indus. Life & Health Ins. Co.*, 18 S.E.2d 873, 876–77 (S.C. 1942) ("Where an agent enters into a contract for a known principal, while acting within his authority as such agent, he is not personally liable on the resultant contract."). Making reasonable inferences in favor of the Flemings, however, they allege that the Hilb Defendants entered an ongoing contract to procure renewals for the Property on behalf of the Flemings. *See* Amended Complaint ¶ 20 ("Charlotte Insurance was hired by [the Flemings.]").

Although many of the contract terms—such as duration and whether a written agreement exists—are left unstated in the complaint, the allegations suffice, at this early stage, to satisfactorily plead the first element of the cause of action, the existence of a contract. The parties may explore the validity of the contract further at the summary judgment stage.

Although both parties refer to the Policy's termination as a "cancellation," the Court infers from the amended complaint that it was actually a nonrenewal. *See id.* ¶ 21 ("[U]nbeknownst to [the Flemings], the homeowners insurance policy term ended March 6, 2021, and was cancelled effectively on April 6, 2021"). Under South Carolina law, a renewal of an insurance policy is considered a new contract. *Estate of Livingston v. Livingston*, 744 S.E.2d 203, 208 (S.C. Ct. App. 2013).

Thus, even if the Hilb Defendants' contractual duty started and ended with procuring insurance contracts, the Flemings have alleged they agreed to procure a renewal. They have alleged that by failing to do so, the Hilb Defendants breached this duty. For the purposes of a

motion to dismiss, this is minimally sufficient to satisfy the second element, the breach of the contract.

Finally, the Flemings allege that because of the nonrenewal, they were unable to submit a claim when the Property burned down. They have thus plausibly alleged the third element, damages as a result of the breach, as well.

Thus, the Flemings have stated a claim against the Hilb Defendants for breach of contract, and the Court will deny the motion to dismiss this cause of action.

### B. Whether the Court should dismiss the Flemings's negligence claim against the Hilb Defendants

The Hilb Defendants insist the Flemings's negligence claim fails because an agent owes an insured no duty to advise under South Carolina law. The Flemings counter that an agent owes a duty to procure coverage, including renewal coverage if the agency relationship continues.

To establish a negligence claim, a plaintiff must show "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by negligent act or omission; and (3) damage proximately resulting from the breach of duty." *Trotter v. State Farm Mut. Auto. Ins. Co.*, 377 S.E.2d 343, 348 (S.C. Ct. App. 1988).

"[I]nsurance agents and brokers are required to exercise due care in placing insurance and would be personally liable for the neglect of that duty." *Riddle-Duckworth, Inc. v. Sullivan*, 171 S.E. 2d 486, 490 (S.C. 1969) (internal quotation marks omitted) (holding lower court properly refused to direct a verdict in a negligence action where an agent failed to procure insurance coverage for an elevator despite the plaintiff's request).

True, "[g]enerally, an insurer and its agents owe no duty to advise an insured." *Trotter*, 377 S.E.2d at 347. "A request for 'full coverage,' 'the best policy,' or similar expressions does not place an insurance agent under a duty to determine the insured's full insurance needs, to advise

5

the insured about coverage, or to use his discretion and expertise to determine what coverage the insured should purchase." *Id.*  But, as discussed above, the Flemings allege more than the Hilb Defendants' failure to advise them.

Instead, the Flemings allege the Hilb Defendants failed to procure a renewed insurance contract, which distinguishes their claims from *Trotter*.  *See id.* at 350 ("Trotter's case does not involve a failure to procure insurance.").  And, also unlike *Trotter*, the Flemings allege the Hilb Defendants acted as their agents, rather than the insurance company's.  Accordingly, the Flemings have alleged the Hilb Defendants owed them a duty, which they breached.  And, for the same reasons as above, they have alleged this breach proximately resulted in damages because they were unable to make an insurance claim on the Property.

*****

The Hilb Defendants quibble with the Flemings's assertion that they "had a contractual obligation and duty to notify and inform [the Flemings] of any changes to their homeowners insurance policy."  Amended Complaint ¶ 20.  For the purposes of this motion, the Court need not consider whether this assertion goes too far.

It is enough for the Court to hold, as it does here, that the amended complaint has stated a claim as to the breach of contract and negligence causes of action based on the alleged failure to procure a renewed policy.  *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").  Although the details of any agreement remain hazy, the parties can explore these issues further on summary judgment.

## V.   CONCLUSION

For the reasons stated above, it is the judgment of the Court the Hilb Defendants' motion to dismiss is **DENIED**.

 **IT IS SO ORDERED.**

Signed this 11th day of April 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
